### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MANHATTAN CONSTRUCTION COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | No. 05-373C <br><br> Judge Mary Ellen Coster Williams |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**

Plaintiff Manhattan Construction Company ("Manhattan") respectfully submits this opposition to Defendant United States of America's Motion to Consolidate the above-captioned case with this Court's case number 05-376C. Recognizing that consolidation of cases is discretionary with the Court, Plaintiff respectfully requests that Defendant's Motion be denied because the two cases at issue do not involve common questions of either law or fact and consolidation would not avoid unnecessary cost or delay.

**I.    FACTS**

In May 2001, Manhattan Construction Company entered into a contract with the United States Department of Agriculture for the construction of laboratory facilities at the Human Nutrition Research Center in Beltsville, Maryland (the "Project"). In July 2001, Manhattan entered into a subcontract with Caigeann Mechanical Company Inc. ("Caigeann") for the installation of certain mechanical systems on the Project. In September 2001, Caigeann entered into a sub-subcontract with TBN TRA/Thermatch ("TBN") for the performance of mechanical insulation work on the Project.

On or about August 14, 2002, the Government issued a directive requiring the insulation of domestic cold water piping, which was not required by the relevant specification section in Manhattan's prime contract with the Government. TBN performed this work and, through Manhattan, submitted a request to the Government for additional compensation associated with these changes to the scope of its work. On March 17, 2004, the Government's Contracting Officer issued a decision denying TBN's request, arguing that the requirement of this work — although not expressly required under the contract — should have been patently obvious to TBN. On March 16, 2005, TBN brought the present action (case number 05-373C) as a "pass through" claim seeking compensation associated with this extra work (the "TBN case"). Also on March 16, 2005, Caigeann brought independent "pass through" claims in this Court (case number 05-376C), unrelated to TBN's claim and involving different contract specifications and factual issues on the Project (the "Caigeann case").

## II.   STANDARD FOR MOTION TO CONSOLIDATE UNDER USCFC Rule 42.1

Under Court of Federal Claims Rule 42.1, the Court has discretion to consolidate cases "[w]hen actions involving a common question of law or fact are pending before the court . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

## III.   THE TBN AND CAIGEANN CASES DO NOT INVOLVE ISSUES OF COMMON FACT OR LAW

Contrary to the Government's assertions, the TBN case and the Caigeann case do not involve issues of common fact or law.[1] Rather, they are distinct cases with virtually no

---

[1] As indicated above, both the cases in question are "pass through" claims. Although Manhattan is the nominal plaintiff in both suits, they are distinct cases being litigated by counsel for the respective subcontractors TBN and Caigeann.

connection other than involving the same large construction Project.  Consolidating these two cases would not, therefore, serve the purpose of avoiding delay or increased litigation costs.

First, these two cases are factually distinct.  They involve completely separate portions of Manhattan's prime contract with the Government.  The TBN case involves one claim for insulation of domestic cold water with largely undisputed facts.  By contrast, the Caigeann case involves five (5) separate claims arising under different portions of Manhattan's prime contract, and with different factual scenarios.  The relevant factual issues that will arise during depositions and trial are, therefore, unrelated, making consolidation inappropriate.

Moreover, separate counsel represent TBN and Caigeann in these respective matters.  Undersigned counsel represents TBN in the above-captioned matter, and has not engaged in any substantive discussion with counsel for Caigeann.  Given the different factual and legal circumstances of these cases, it is unlikely that counsel for TBN and Caigeann will require the same discovery, or need to depose the same witnesses on the same or similar isues.  The interest of judicial economy will not be served by consolidating these two independently litigated cases into one lawsuit.

Finally, the two cases in question involve separate legal issues.  Neither TBN, nor its counsel, has direct knowledge or involvement in the Caigeann case.  The TBN case, however, involves one primary legal issue.  TBN seeks compensation for additional work it performed on the Project, which was not specified in Manhattan's prime contract with the Government.  The Government Contracting Officer does not contend that the additional work performed by TBN was expressly required under the contract.  Rather, the Government's argument is that the work in question was a patent omission from the contract.  The primary legal issue in the TBN case is, therefore, whether TBN should have recognized that the work in question was patently omitted

from the specifications. Consolidating the straightforward TBN case with another case involving different factual and legal issues will not save this Court costs or time.

### IV.    CONCLUSION

The Caigeann case and the TBN case do not involve questions of common law or fact. Therefore, the consolidation of these two cases would not allow either this Court or the parties to avoid unnecessary costs or delay. For these reasons, Plaintiff requests that Defendant's Motion to Consolidate be denied.

Dated: June 14, 2005.

                                            Respectfully submitted,

                                            s/ Henry D. Danforth
                                            Henry D. Danforth, Esq.
                                            Watt, Tieder, Hoffar & Fitzgerald, LLP
                                            8405 Greensboro Drive, Suite 100
                                            McLean, Virginia 22102
                                            (703) 749-1000

                                            Counsel for Plaintiff,
                                            Manhattan Construction Company